**UNITED STATES of America, Plaintiff,**

v.

**Robert E. THOMPSON, Defendant.**

**No. IP–96–0035–CR–D/F.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

April 23, 1996.

Joe H. Vaughn, Assistant United States Attorney, Indianapolis, Indiana, for Plaintiff.

Robert E. Johnson, Krieg, DeVault, Alexander & Capehart, Indianapolis, Indiana, for Defendant.

1. Thompson seeks schedules of specific items showing the Thompsons' taxable income as determined by the IRS; the IRS' tax computations illustrating the details of the IRS' method of accounting; copies of the regulations the government relies on in its specific allegations against Thompson; complete copies of the reports of the IRS agents and special agents who investigated

*ENTRY*

DILLIN, District Judge.

This cause comes before the Court on Defendant's pretrial motion requesting documents for examination and copying from the United States of America. For the following reasons, the motion is GRANTED.

*Background*

Defendant Robert E. Thompson (Thompson) has been charged in the instant action with income tax evasion for the 1989, 1990 and 1991 tax years, pursuant to 26 U.S.C. § 7201. Following an audit by the Internal Revenue Service (IRS), the government opined that Thompson substantially understated his taxable income for each of the years in issue and, consequently, understated and underpaid taxes owed.

Sometime after the IRS audit, Thompson employed the services of an accountant, who prepared amended returns for the subject tax years. Apparently, Thompson has filed those returns and paid the tax due in each return. Thompson's net taxable income as reflected in each of the amended returns, however, does not agree with his net taxable income as determined by the government. Thompson's accountant calculated Thompson's taxable income at $158,038, $198,313 and $483,287 for tax years 1989, 1990 and 1991, respectively. On the other hand, the IRS established Thompson's taxable income for those years as $171,120, $438,442 and $441,585. The present discovery dispute centers around Thompson's attempt to obtain certain documents from the government that reveal the IRS' computation of his taxes for the tax years in issue.

*Discussion*

The government contends that the documents Thompson seeks are work product and are exempt from discovery under Fed. R.Crim.P. 16(a)(2).[1] Thompson counters that the Thompsons' tax returns; copies of government exhibits not previously produced; copies of the adjustments to the Thompsons' original Form 1040A tax returns and to their 1040X amended tax returns or schedules of the differences between the taxable income and tax computations as figured by the IRS and as set forth in the

the documents in issue are part and parcel to the anticipated expert testimony of Jo Weber (Weber), who the government has indicated will testify at trial regarding the IRS' computation of the Thompson taxes. Because these documents highly are related to Weber's expert testimony, Thompson argues, amended Fed.R.Crim.P. 16 requires that they be produced.

Fed.R.Crim.P. 16(a)(2) provides, in relevant part:

(2) **Information Not Subject to Disclosure.** *Except as provided in paragraphs (A), (B), (D), and (E) of subdivision (a)(1),* this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case ...

Fed.R.Crim.P. 16(a)(2) (emphasis added).

Paragraph (E) of subdivision (a)(1), one of the four paragraphs referenced in the foregoing quoted passage, was added to Rule 16 in 1993. It stipulates as follows:

(E) **Expert Witnesses.** At the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. This summary must describe the witnesses' opinions, the bases and reasons therefore, and the witnesses' qualifications.

Fed.R.Crim.P. 16(a)(1)(E). The language of Rule 16(a)(2) is clear—the dictates of paragraph (E) in subdivision (a)(1) take precedence over (a)(2)'s disclosure exemption.

In *United States of America v. Jackson,* 51 F.3d 646 (7th Cir.1995), the Seventh Circuit first was confronted with the application of 16(a)(1)(E). In *Jackson,* the Court considered the adequacy of the government's response to the defendants' discovery requests regarding expert testimony on the drug courier profile. *Id.* at 651. The Court determined that the government's response "bare-

ly" passed muster under (a)(1)(E). The court stated:

... The summary provided the defendants with both the grounds and the background for the testimony, enabling them to prepare for cross-examination. Other contexts, such as cases involving technical or scientific evidence, may require greater disclosure, including written and oral reports, tests, investigations, and any other information that may be recognized as a legitimate basis for an opinion under Fed. R.Evid. 703. *See* Fed.R.Crim.P. 16(a)(1)(E) advisory committee note.

*Id.* The court also stated that

[w]hat was provided was the minimum notice required under the Federal Rules of Criminal Procedure. The government supplying anything less in the future will risk running afoul of the rule. Although the rule was not violated here, in light of the somewhat amorphous parameters of the drug courier profile, in future cases we strongly encourage the government to offer more specific descriptions of the opinions of the witnesses, foundations for their testimony, and their qualifications.

*Id.*

In the present case, certainly the government's calculation of Thompson's income taxes falls into the category of technical evidence. Additionally, the IRS' determination of income tax due does not have the "amorphous parameters" that saved the government in its barebones compliance with the rule in *Jackson.* Undoubtedly, production of the subject information will serve to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and [ ] provide [Thompson] with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed.R.Crim.P. 16 advisory committee's note.

Consequently, we find that the government must produce to Thompson the documents he has requested to the extent that those documents form the bases and reasons for Web-

Thompsons' tax returns and/or amended tax re-      turns.

er's expert opinion. Such documents shall be produced on or before April 29, 1996.